**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CLEO ROBINSON, ET AL.**                                                                    **PLAINTIFFS**

**V.**                                                                 **CIVIL ACTION NO. 4:11-cv-103-M-V**

**NATIONWIDE MUTUAL FIRE INS CO**                                       **DEFENDANT**

## ORDER

This cause is before the court on the defendant's motion to strike plaintiffs' first and second supplements of expert Tennie K. White (#274).

Uniform Local Rule 26(a)(2) and Rule 26(a)(2) of the Federal Rules of Civil Procedure require a party to make full and complete disclosures of individuals they intend to call as experts at trial no later than the time specified in the case management order. The federal rules provide that "unless otherwise stipulated or ordered, this disclosure must be accompanied by a written report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain the information outlined in the rule, including, but not limited to, a complete statement of all opinions and the basis for those opinions signed by the witness. Courts have routinely rejected untimely "supplemental" expert testimony where the opinions are based on information available prior to the deadline for expert disclosures. *Sierra Club v. Cedar Point Oil Co.*, 73 F. 3d 546, 569 (5th Cir. 1996).

Additionally, the Fifth Circuit has enumerated factors to be considered when reviewing a motion to strike an expert designation. Before striking expert testimony for a party's failure to properly and timely disclose required information, the Court must consider the following factors: (1) The importance of the witness' testimony; (2) The prejudice to the opposing party of allowing

the testimony; (3) The possibility of curing such prejudice by a continuance; and (4) The explanation for the party's failure to comply with the discovery order. *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007).

The court, having reviewed the record, the motion, the briefs of the parties, and the applicable law and having heard oral argument, finds the motion to be well taken. Specifically, this court, having heard oral argument and extensively considered the briefs and law found that the First Supplement of Tennie K. White failed in light of the four factors enumerated by the Fifth Circuit in deciding to strike an expert for failure to timely comply with deadlines.

Furthermore, and consistent with the ruling from the bench, the court finds that the wholesale incorporation of an expert's deposition as a supplemental expert report is an improper and clearly prejudicial to an opposing party.

Pursuant to the ruling made from the bench at the hearing on November 9th 2012, the court finds that defendant's motion to strike is well taken, and it shall be **GRANTED**.

**SO ORDERED** this, the 17th day of September, 2012.

/s/Jane M. Virden
U. S. MAGISTRATE JUDGE