**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CLEO ROBINSON, ET AL.**                                              **PLAINTIFFS**

**V.**                                                              **CIVIL ACTION NO. 4:11-cv-103-M-V**

**NATIONWIDE MUTUAL FIRE INS CO**                            **DEFENDANT**

## **ORDER**

This cause is before the court on the defendant's motion to strike plaintiffs' first supplemental report of expert witness Sterling Williams (#278). The court, having reviewed the record, the motion, the briefs of the parties, and the applicable law, finds the motion to be well taken.

On the plaintiffs' expert designation deadline of August 6, 2012, one of plaintiffs' expert witnesses, Sterling Williams, submitted his report regarding a site visit he made to the home that is the subject of this lawsuit. Following Mr. Sterling's deposition, on October 3, 2012, the subject First Supplemental Report was served on defense counsel. This supplement [see Exhibit A to Defense Motion #278] appears to list publications cited in Mr. Sterling's deposition and incorporates the entirety of Mr. Sterling's deposition testimony taken on September 24, 2012.

Uniform Local Rule 26(a)(2) and Rule 26(a)(2) of the Federal Rules of Civil Procedure require a party to make full and complete disclosures of individuals they intend to call as experts at trial no later than the time specified in the case management order. The federal rules provide that "unless otherwise stipulated or ordered, this disclosure must be accompanied by a written report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This report must contain the information outlined in the rule, including, but not limited to, a complete statement of all

opinions and the basis for those opinions signed by the witness. Courts have routinely rejected untimely "supplemental" expert testimony where the opinions are based on information available prior to the deadline for expert disclosures. *Sierra Club v. Cedar Point Oil Co.*, 73 F. 3d 546, 569 (5th Cir. 1996).

Additionally, the Fifth Circuit has enumerated factors to be considered when reviewing a motion to strike an expert designation. Before striking expert testimony for a party's failure to properly and timely disclose required information, the Court must consider the following factors: (1) The importance of the witness' testimony; (2) The prejudice to the opposing party of allowing the testimony; (3) The possibility of curing such prejudice by a continuance; and (4) The explanation for the party's failure to comply with the discovery order. *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007).

Further, Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. *Hill v. Koopers Industries*, 2009 WL 3246630, *2 (N.D. Miss. September 30, 2009). The court finds that the wholesale incorporation of an expert's deposition as a supplemental expert report is improper and clearly prejudicial to an opposing party. The purpose of Rule 26(a)(2) is to require an expert to submit a report that any expert in his or her field could pick up and independently verify the veracity of the opinions reached therein without further inquiry. This requirement allows the opposing party to have all the relevant information in a timely fashion so that the opposing party may prepare to cross-examine the expert during his or her deposition. *Id.* It is not proper federal practice to assume that one can submit an incomplete expert report only to provide new opinions and/or new information during the deposition. The deposition itself does not supplement the report. Rather, only a timely filed supplemental report that comports with Rule 26(a)(2) can supplement an

original expert report. *Id*.

The court has been offered no precedent or authority to warrant the wholesale incorporation of an expert's deposition testimony to act as a supplemental report. It is therefore ordered, that defendant's motion to strike is well taken, and it shall be **GRANTED**.

**SO ORDERED** this, the 19th day of November, 2012.

/s/Jane M. Virden
U. S. MAGISTRATE JUDGE